J-A06012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :
                v.                        :
                                            :
                                            :
MICHAEL CHITTESTER               :
                                            :
                    Appellant         :      No. 256 WDA 2020

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000053-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :
                v.                        :
                                            :
                                            :
MICHAEL ALLEN CHITTESTER     :
                                            :
                    Appellant         :      No. 257 WDA 2020

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000449-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: MAY 20, 2021**

      Appellant, Michael Allen Chittester, appeals from the aggregate judgment of sentence of 37½ to 75 years' incarceration, followed by 15 years' probation, imposed after he was convicted of various sexual offenses in two separate, but consolidated cases.[1]  Herein, Appellant solely challenges the

_____

[1] This Court *sua sponte* consolidated Appellant's appeals by *per curiam* order filed July 17, 2020.

constitutionality of Revised Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA II").[2] After careful review, we affirm.

We need not discuss the facts underlying Appellant's convictions. We only note that he was convicted of numerous sexual offenses — including rape of a child less than 13 years of age, aggravated assault, and involuntary deviate sexual intercourse — based on his "having oral and anal sex with his stepdaughter … when she was between the ages of five and ten." Appellant's

_____

[2] **See** 42 Pa.C.S. §§ 9799.10-9799.42. As this Court explained in **Commonwealth v. Reslink**, --- A.3d ----, 2020 WL 7415959 (Pa. Super. filed Dec. 18, 2020):

> SORNA was originally enacted on December 20, 2011, effective December 20, 2012. **See** Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, **see** Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, **see** Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.[] §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.[] §§ 9799.10-9799.42.

**Id.** at *1 n.8.

Brief at 5. Appellant's offenses occurred in both Elk and McKean Counties, and took place between the dates of October 1, 2014, and October 6, 2018. *Id.* at 5. On December 12, 2019, the court imposed the aggregate sentence stated *supra*. Appellant was not deemed to be a sexually violent predator, but he was notified that he is subject to lifetime registration as a Tier III sex offender under Revised Subchapter H of SORNA II. **See** 42 Pa.C.S. § 9799.14(d)(16).

Appellant filed a timely post-sentence motion, which was denied on January 28, 2020. He then filed a timely notice of appeal, after which his counsel sought, and was granted, leave to withdraw. The court appointed new counsel for Appellant, and after delays due to the COVID-19 pandemic, counsel complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on August 20, 2020. Herein, Appellant raises five issues for our review:

> A. Whether [SORNA II] violates substantive due process under Article 11 of the Pennsylvania Constitution because it deprives individuals of the fundamental right to reputation and fails to satisfy strict scrutiny?
>
> B. Whether [SORNA II] violates due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation when this presumption is not universally true?
>
> C. Whether lifetime registration under [SORNA II] denied Appellant procedural due process under the Pennsylvania and

Federal Constitutions because it unlawfully impinges the right to reputation without notice and an opportunity to be heard?

D. Whether lifetime registration under [SORNA II] constitutes criminal punishment and[,] therefore[,] violates the separation of powers doctrine because it usurps exclusive judicial adjudicatory and sentencing authority?

E. Whether lifetime registration under [SORNA II] is punishment under the ***Mendoza-Martinez***[3] test and it contravenes the 5th, 6th and 14th Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution, [***see***] ***Apprendi*** [***v. New Jersey***], [530 U.S. 466] (2000)[,] and ***Alleyne*** [***v. United States***], 570 U.S. 99 (2013), when not every fact necessary to support the imposition of a mandatory[-] minimum sentence must be found by a jury beyond a reasonable doubt?

Appellant's Brief at 4.

Appellant's issues all challenge the constitutionality of Revised Subchapter H of SORNA II.

The constitutionality of a statute presents a "pure question of law," over which our standard of review is *de novo*[,] and our scope of review is plenary. ***Commonwealth v. Brooker***, 103 A.3d 325, 334 (Pa. Super. 2014). Our Supreme Court has also offered the following discussion of the burden borne by those seeking to invalidate a statutory scheme on constitutional grounds:

> In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." ***In re J.B.***, … 107 A.3d 1, 14 ([Pa.] 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." ***Id***.

---

[3] ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963).

*Commonwealth v. Snyder*, --- A.3d ----, 2021 WL 1324388, at *7 (Pa. Super. filed Apr. 9, 2021).

As Appellant recognizes, the claims he raises herein mirror those addressed by our Supreme Court in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). *See* Appellant's Brief at 16 ("[T]he issues raised by *Torsilieri* are controlling to Appellant's appeal."); *id.* at 17 ("Appellant currently raises the same issues as *Torsilieri*."). There,

> Torsilieri challenged his registration requirements under [Revised] Subchapter H in post-sentence proceedings. The linchpin of his arguments consisted of expert scientific evidence indicating that "sexual offenders generally have low recidivism rates and questioning the effectiveness of sexual offender registration systems[.]" [*Torsilieri*, 232 A.3d] at 574. Based largely upon this evidence, the trial court declared [Revised] Subchapter H unconstitutional under a number of interrelated theories, including that Subchapter H impaired Torsilieri's "right to reputation" under the Pennsylvania Constitution by utilizing an "irrebuttable presumption" that all registrants pose a high risk of recidivism. *Id*. at 574-75.
>
> The *Torsilieri* trial court also concluded [Revised] Subchapter H was "punitive" pursuant to the seven factors set forth in … *Mendoza-Martinez*…. *Id*. at 588-94. This conclusion "inevitably resulted" in a number of additional rulings:
>
>> [T]he trial court concluded that (1) [Revised] Subchapter H violated the dictates of *Alleyne* … and *Apprendi* … because it subjected offenders to increased registration provisions without a jury determining that the offender posed a risk of future dangerousness beyond a reasonable doubt; (2) the registration periods constituted illegal sentences in excess of the statutory maximum terms of incarceration; (3) the provisions resulted in an excessive sentence in violation of the federal and state constitutional provisions related to cruel and unusual punishments; and (4) [Revised] Subchapter H violated the separation of powers doctrine by

encroaching upon the judiciary's fact-finding and individualized sentencing responsibilities.

*Id*. at 594.

On direct appeal, our Supreme Court determined that the trial court had correctly considered Torsilieri's scientific evidence. *Id*. at 584. However, the High Court ultimately remanded the case for further development of the record and arguments:

[A]s the trial court did not have the benefit of the opposing science, if any, the evidence currently in the record does not provide a sufficient basis to overturn the legislative determination. Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id.* at 596…. Thus, the holding in *Torsilieri* did not announce any new substantive law, but merely set the stage for future proceedings.

*Snyder*, 2021 WL 1324388, at *7-8 (some brackets and footnotes omitted).

In *Snyder*, the appellant presented the same claims as addressed in *Torsilieri*. However, "[u]nlike Torsilieri, [Snyder] did not raise his claims of constitutional dimension before the trial court. Rather, he first raised these arguments in his Rule 1925(b) concise statement…." *Id.* at *8. Consequently, the *Snyder* panel held that it was "constrained to follow *Reslink*" in deeming Snyder's claims waived. We explained:

In that case, Reslink asserted for the first time on appeal that [Revised] Subchapter H creates "an irrefutable and irrebuttable presumption against the offender," which renders it unconstitutional. *Reslink*, … 2020 WL 7415959[,] at *3. He claimed that registration under [Revised] Subchapter H constituted "cruel and unusual punishment" and also violated *Apprendi*, [530 U.S.] at 490…. *Id.* It is beyond cavil that such

- 6 -

claims implicate the legality of a defendant's sentence. ***See Commonwealth v. Newman***, 99 A.3d 86, 91 (Pa. Super. 2014) ("[B]ecause a challenge to a sentence premised upon ***Apprendi*** implicates the legality of that sentence, it cannot be waived on appeal."); ***Commonwealth v. Yasipour***, 957 A.2d 734, 740 (Pa. Super. 2008) ("[A]n appellant who challenges the constitutionality of his sentence of imprisonment on a claim that it violates his right to be free from cruel and unusual punishment raises a legality of sentencing claim since he is challenging the trial court's authority in imposing the sentence."). However, this Court found these legality-of-sentence issues waived due to Reslink's failure to raise them in the trial court. ***See Reslink***, … 2020 WL 7415959[,] at *4.

After ***Reslink***, even assuming, *arguendo*, that some of [Snyder's] constitutional claims sound in legality of sentence, we are compelled to find waiver of the balance of [Snyder's] constitutional arguments. [Snyder] did not raise these issues in the trial court, and ***Reslink*** has created an exception to the typical rules governing [Pa.R.A.P.] 302(a) waiver and claims aimed at allegedly illegal sentences. Thus, no relief is due on these waived issues.

***Snyder***, 2021 WL 1324388[,] at *9.

In the present case, Appellant did not assert his constitutional challenges to Revised Subchapter H in his post-sentence motion. Instead, he presented them for the first time in his Rule 1925(b) statement. It is clear that under ***Reslink*** and ***Snyder***, we must deem Appellant's issues waived.

Judgment of sentence affirmed.

Judge Lazarus joins this memorandum.

Judge McCaffery joins and files a concurring statement in which President Judge Emeritus Bender and Judge Lazarus join.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/20/2021